## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

JEREMY A. POWELL, et al.,

                Plaintiffs,

v.                            CIVIL ACTION NO.   2:13-cv-32179

THE HUNTINGTON NATIONAL BANK,

                Defendant.

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant's Motion to Certify the Court's September 26, 2014 Order for Interlocutory Review (the "Motion to Certify"), (ECF 64), Defendant's Motion to Expedite Briefing Schedule (the "Motion to Expedite"), (ECF 66), Defendant's Request for a Hearing, (ECF 90), and the Motion by American Bankers Association and Consumer Bankers Association for Leave to File a Memorandum as *Amici Curiae* in Support of Defendant's Motion to Certify an Interlocutory Appeal (the "Motion to File Memorandum as *Amici Curiae*"), (ECF 70). For the reasons discussed herein, the Court **GRANTS IN PART** and **DENIES IN PART** the Motion to Certify and **DENIES AS MOOT** the Motion to Expedite, the Request for a Hearing, and the Motion to File Memorandum as *Amici Curiae*.

### *I. Background*

Plaintiffs filed the Complaint in the Circuit Court of Kanawha County, West Virginia, on October 15, 2013. (ECF 1-1.) The Complaint alleges that Plaintiffs "bring this action on his [sic] own behalf and on behalf of a class of West Virginia consumers who have had unlawful late fees

charged to their home loan accounts." (*Id.* ¶ 1; *see also id.* ¶¶ 12–16 (alleging that this matter is a class action brought pursuant to West Virginia Rule of Civil Procedure 23).) The Complaint includes two claims for relief. Count I alleges that Defendant illegally assessed late fees in violation of the terms of Plaintiffs' mortgage loan contract and West Virginia Consumer Credit and Protection Act ("WVCCPA"), Section 46A-3-112. (*Id.* ¶¶ 17–22.) Count II is a misrepresentation claim under Section 46A-2-127 of the WVCCPA. (*Id.* ¶¶ 23–24.)

On December 13, 2013, Defendant timely removed the state case to this Court. (*See* ECF 1.) In the notice of removal, Defendant argued this Court has diversity jurisdiction over this matter under the Class Action Fairness Act of 2005 and based on federal-question jurisdiction. (*Id.*) As to the latter, Defendant argued that the Complaint includes only usury claims that are completely preempted by the National Bank Act ("NBA"), 12 U.S.C. §§ 85 and 86. (*Id.* ¶¶ 11–28.) Defendant then moved for judgment on the pleadings. (ECF 6.)

In its Memorandum Opinion and Order, dated September 26, 2014 (the "Opinion"), the Court found that "Plaintiffs' claims are not pre-empted by the NBA" and, "[c]onsequently, Defendant improperly removed this case from state court on the basis of federal question jurisdiction." (ECF 57 at 12.) However, the Court found that it does have diversity jurisdiction over this matter under 28 U.S.C. § 1332(d). (*Id.* at 12–13.)

On October 7, 2014, Defendant filed the Motion to Certify,[1] (ECF 64), and the Motion to Expedite, (ECF 66). On October 9, 2014, the American Bankers Association and the Consumer

---

[1] In the Motion to Certify, Defendant requests that the Court certify the following question:

> Whether the National Bank Act provisions codified at 12 U.S.C. §§ 85-86, and federal law interpreting the NBA, which permit Huntington Bank to export Ohio's laws governing the amount and manner of assessing late fees and other interest charges, preempt Plaintiffs' claims that W.Va. Code § 46A-3-112 prohibits Huntington Bank from charging late fees that are permissible under Ohio law.

Bankers Association filed the Motion to File Memorandum as *Amici Curiae*. (ECF 70.) Plaintiffs subsequently filed their response to the Motion to Certify, the Motion to Expedite, and the Motion to File Memorandum as *Amici Curiae* on October 21, 2014, (ECF 74), and Defendant filed its reply in support of the Motion to Certify on October 28, 2014,[2] (ECF 78).

## II. Discussion

"In general, appellate review is reserved for final judgments." *Ohio Valley Envtl. Coal., Inc. v. Fola Coal Co.*, Civil Action No. 2:13–5006, 2015 WL 1599638, at *2 (S.D. W. Va. Apr. 8, 2015) (citations omitted). "[F]inality is an important component of the judicial structure, for, as a general matter, it prevents the entanglement of the district and appellate courts in each other's adjudications in an unruly and ultimately inefficient way." *Evergreen Int'l (USA) Corp. v. Standard Warehouse*, 33 F.3d 420, 423 (4th Cir. 1994); *see also United States v. Nixon*, 418 U.S. 683, 690 (1974) ("The finality requirement of 28 U.S.C. [§] 1291 embodies a strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." (citing *Cobbledick v. United States*, 309 U.S. 323, 324–26 (1940))); *Millville Quarry, Inc. v. Liberty Mut. Fire Ins. Co.*, 217 F.3d 839, at *3 (4th Cir. 2000) (stating that piecemeal review of ongoing district court proceedings "would not only delay the ultimate resolution of disputes by spawning multiple appeals, it would also 'undermine the independence of the district judge' in conducting court proceedings" (quoting *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 374 (1981))).

---

(ECF 65 at 1.)
[2] Defendant later filed the Request for a Hearing on December 10, 2014. (ECF 90.)

28 U.S.C. § 1292(a) provides an exception to this finality rule and states, in relevant part, that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts of the United States." Section 1292 further provides the following:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b). "Section 1292(b) is best suited for use in a dispute that involves 'a narrow question of pure law whose resolution will be completely dispositive . . . .'" *Stewart v. W. Va. Emp'rs Mut. Ins. Co.*, Civil Action Nos. 2:09-126, 2:09-127, 2010 WL 1286623, at *1 (S.D. W. Va. Mar. 29, 2010) (quoting *Difelice v. U.S. Airways, Inc.*, 404 F. Supp. 2d 907, 908 (E.D. Va. 2005)).

"Although courts have discretion to certify an issue for interlocutory appeal, interlocutory appeals are rarely allowed . . . [and] the movant bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment." *Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co.*, 597 F. Supp. 2d 120, 122 (D.D.C. 2009) (internal quotation marks and citation omitted). Ultimately, "§ 1292(b) should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989) (citation omitted).

4

Defendant argues—and Plaintiffs do not contest—that the Opinion involves a controlling question of law and that immediate appeal from the Opinion may materially advance the termination of this litigation. (ECF 65 at 5–6, 10–12; *see* ECF 74 at 2 (constituting Plaintiff's opposition to the Motion to Certify and stating that "[t]he first and third conditions" of an interlocutory appeal "are arguably met here, as with the majority of pre-discovery dispositive motions, because the legal question presented is inherently controlling, and the litigation will be delayed or advanced by the appeal depending on whether the appeal courts [sic] affirms or reverses").) As such, the parties only dispute whether there is "substantial ground for difference of opinion" as to the controlling legal question. (*See* ECF 74 at 2–6; ECF 78 ("Plaintiffs first concede that two of the three prerequisites to an interlocutory appeal have been met." (citing ECF 74 at 2–3)).

"The question of whether there is 'substantial ground for difference of opinion' must be considered not from the perspective of the parties, but from that of the courts." *Ohio Valley Envtl. Coal. v. Elk Run Coal Co.*, Civil Action No. 3:12–0785, 2014 WL 4660782, at *3 (S.D. W. Va. Sept. 17, 2014) (citing *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 624 (D. Md. 2013)). "Mere disagreement, even if vehement, with a court's ruling does not establish a substantial ground for difference of opinion sufficient to satisfy the statutory requirements for an interlocutory appeal." *Nat'l Cmty. Reinvestment Coal.*, 597 F. Supp. 2d at 122 (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 20 (D.D.C. 2002)); *see also Lynn*, 953 F. Supp. 2d at 626 ("[F]or purposes of § 1292(b), the litigants' positions are irrelevant—otherwise, every contested decision would be appropriate for immediate interlocutory appeal."). Additionally, "[t]hat a controlling issue of law may be an issue of first impression does

not necessarily translate into there also being substantial ground for difference of opinion." *Elk Run Coal Co.*, 2014 WL 4660782, at *3 (citing *Lynn*, 953 F. Supp. 2d at 624). "Furthermore, that a question of law is complex or difficult does not justify immediate appeal pursuant to 28 U.S.C. § 1292(b)." *Id.* (citing *In re S. African Apartheid Litig.*, 624 F. Supp. 2d 336, 339 (S.D.N.Y. 2009)); *see also Lynn*, 953 F. Supp. 2d at 623 ("Interlocutory appeal should not be sought 'to provide early review of difficult rulings in hard cases.'" (quoting *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982))).

Defendant argues there is "substantial ground for difference of opinion" as to whether Sections 85 and 86 of the NBA preempt Plaintiffs' claims regarding Defendant's assessment of late fees during months Plaintiffs allege they were current on payments. (ECF 65 at 6–10; ECF 78 at 3–7.) As the Court noted in the Opinion, it is "not a novel interpretation" to find—as the Court did—that a claim regarding the practice of charging a "late fee when no late fee should be charged in the first place" is different than a claim asserting that a fee is excessive or usurious. (ECF 57 at 11); *see, e.g.*, *Hood ex rel. Miss. v. JP Morgan Chase & Co.*, 737 F.3d 78, 92–94 (5th Cir. 2013) (finding that "[n]one of the State's claims can be fairly construed as allegations that [the defendants] violated the NBA" where "[t]he [plaintiff] never alleges that [the defendants] charge an interest rate greater than allowed by § 85"); *Young v. Wells Fargo & Co.*, 671 F. Supp. 2d 1006, 1021 (S.D. Iowa 2009) ("[T]he basis of the alleged excessiveness is that Wells Fargo charged fees when they should not, a wholly different claim from a claim that Wells Fargo applied an illegal interest rate. As such, [the plaintiffs'] claims are not usury claims and are not subject to complete preemption by § 86 of the NBA."); *Cross-Cnty. Bank v. Klussman*, No. C–01–4190–SC, 2004 WL 966289, at *6 (N.D. Cal. Apr. 30, 2004) ("[The plaintiff] does not challenge the legality of the *rate*

of interest charged by [the defendants]. Rather, [the plaintiff] claims that various interest fees were not disclosed, were unwarranted, were based on charges that were themselves improper, and in short, should never have been charged at all."). However, the Court recognizes that the definition of "interest" under the NBA presents "legal issues that are neither easy to decide nor well-settled," *Haw. ex rel. Louie v. JP Morgan Chase & Co.*, 921 F. Supp. 2d 1059, 1067 (D. Haw. 2013), and the proper application of the definition of "interest"—and particularly whether "interest" includes various fees—is an issue that has garnered different interpretations in courts throughout the country. *See, e.g.*, *New Mexico v. Capital One Bank (USA) N.A.*, 980 F. Supp. 2d 1314, 1328–29 (D.N.M. 2013) (discussing a division between courts relating to whether claims relating to fees are usury claims). *Compare W. Va. ex rel. McGraw v. JPMorgan Chase & Co.*, 842 F. Supp. 2d 984, 992 (S.D. W. Va. 2012) (determining that fees associated with the defendants' payment protection plans "are not interest under the NBA"), *and W. Va. ex rel. McGraw v. Capital One Bank USA N.A.*, Civil Action No. 3:10–0211, 2010 WL 2901801, at *3–4 (S.D. W. Va. July 22, 2010) (finding that the plaintiff's state-law claims were not preempted by Sections 85 or 86 of the NBA because the claims challenged the imposition of over-the-limit fees, not the amount of those fees), *with Hood v. JPMorgan Chase & Co.*, 958 F. Supp. 2d 681, 703–04 (S.D. Miss.) (specifically disagreeing with the holding in *W. Va. ex rel. McGraw*, 842 F. Supp. 2d 984, and finding that fees associated with the defendants' payment protection plans "constitute interest under the NBA"), *rev'd Hood ex rel. Miss.*, 737 F.3d 78 (2013), *and Akopyan v. Wells Fargo Home Mortg., Inc.*, 155 Cal. Rptr. 3d 245, 269 (Cal. Ct. App. 2013) (noting that the case did not involve an allegation of fraudulent activity and stating that "the allegations that the [plaintiffs] were improperly assessed late fees for one additional month at the rate of six percent arguably gives rise to a claim of usury").

Given the complexity of this issue and the divergent interpretations of courts regarding whether various fees are "interest" for purposes of the NBA, the Court finds there is a substantial ground for difference of opinion as to the controlling issue of law—whether Plaintiffs' claims are preempted by the NBA—as addressed in the Opinion. *See, e.g.*, *Elk Run Coal Co.*, 2014 WL 4660782, at *3 (discussing the standard relating to "substantial ground for difference of opinion"). The Court therefore finds that the three requirements for interlocutory appeal are met in this case and that certification for interlocutory appeal is appropriate.[3] *See* 28 U.S.C. § 1292(b). (*See generally* ECF 74 at 2 (providing Plaintiff's opposition to the Motion to Certify and noting that "[t]he first and third conditions" of an interlocutory appeal "are arguably met here").)

Nonetheless, the Court declines to certify Defendant's proposed controlling question of law. (*See* ECF 64.) The discussion and findings in the Opinion regarding whether Plaintiffs' state-law claims are preempted by the NBA are sufficient to provide the Fourth Circuit with the specific controlling question of law presently at issue. (*See* ECF 57.)

### III. Conclusion

For the reasons discussed above, the Court **GRANTS** the Motion to Certify, insofar as it requests amendment of the Opinion to include certification for interlocutory appeal and a stay in the proceedings pending appeal. (ECF 64.) However, the Court **DENIES** the Motion to Certify, insofar as it requests that the Court certify Defendant's proffered controlling question of law. (*Id.*) The Court further **DENIES AS MOOT** the Motion to Expedite Briefing Schedule, (ECF 66),

---

[3] The Court also notes that some courts granted motions for interlocutory review when the challenged legal issue was whether certain fees are "interest" for purposes of the preemption analysis under the NBA. *See Haw. ex rel. Louie*, 921 F. Supp. 2d at 1068 (granting a motion for certification for interlocutory appeal on the issue of whether claims related to fees associated with the defendants' payment protection plans are preempted by the NBA); *Hood ex rel. Miss.*, 737 F.3d at 82 & 84 n.2 (noting that the district court certified for interlocutory appeal the question of whether fees associated with the defendants' payment protection plans constituted "interest" under the NBA).

Defendant's Request for Hearing, (ECF 90), and the Motion to File Memorandum as *Amici Curiae*, (ECF 70).

The Court **ORDERS** that its September 26, 2014 Memorandum Opinion and Order is hereby amended to include the following additional paragraph:

> The Court certifies, pursuant to 28 U.S.C. § 1292(b), that it is of the opinion that the finding of this Memorandum Opinion and Order that Plaintiffs' state-law claims are not preempted by the National Bank Act, 12 U.S.C. §§ 85 and 86, involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from this Memorandum Opinion and Order may materially advance the ultimate termination of the litigation.

The Court **STAYS** these proceedings pending the determination of the Fourth Circuit as to this interlocutory appeal. The Court **DIRECTS** the Clerk to remove this case from the Court's active docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     May 1, 2015

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE